A. AUGUSTUS LOW, Plaintiff, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant.

Supreme Court, Trial and Special Term, Hamilton County, August 5, 1949.

*Cross, Foley and Steates* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (David Belkin* of counsel), for defendant.

RYAN, J. This action was instituted by A. Augustus Low, the above-named plaintiff against The People of the State of New York, defendants, pursuant to the provisions of article 15 of the Real Property Law of the State of New York, to determine title to certain lands located in the town of Long Lake, Hamilton County, and the town of Webb, Herkimer County, State of New York.

The plaintiff bases his claim to title upon two deeds of conveyance; the first of which is a deed dated July 31, 1941, from J. Watson Webb to A. Augustus Low, and the second is a deed dated April 25, 1945, from J. Watson Webb and Electra H. Webb, his wife, to A. Augustus Low.

The defendants, The People of the State of New York, base their claim to title on a deed dated the 16th day of January, 1896, from William Seward Webb and Eliza Osgood Webb, his wife, and the Ne-Ha-Sa-Ne Park Association, a domestic corporation, to The People of the State of New York. It is undisputed that the land in question had come into the possession of William Seward Webb prior to the year 1894 by direct chain of title from the original patent.

The land in dispute is along the northerly edge of the original Totten & Crossfield's Purchase, and is more particularly located along the north bounds and within the triangle north of Township 38.

In 1772, Archibald Campbell surveyed and marked from its western terminus easterly the north boundary line of the Totten & Crossfield's Purchase. This line establishes the true north boundary line of the triangle north of Township 38.

In 1797, Charles Brodhead, at the direction of the surveyor-general, attempted to locate the Campbell line, and unable to follow the markings of the Campbell line, at a point some distance easterly of the point where the westerly line of the triangle north of Township 38 intersects the Campbell line, he veered to the south and proceeded along said erroneous line easterly across the triangle. The Brodhead line so-called, continued easterly to the east boundary line of Township 38, would intersect said east boundary line of Township 38 at a point south of where the said east line intersects the true Campbell line. There is thus created a three-sided figure; the north boundary of which is the Campbell line, the south boundary of which is the

Brodhead line, and the southeast boundary of which is the true north boundary line of Township 38. This is the land which is the subject of this litigation. The deeds from Webb to Low in 1941 and 1945 conveyed beyond any question of a doubt this land or gore, containing approximately 293 acres. However, it is the contention of the defendant State, that title to this land had passed to The People of the State of New York under the deed from the Webbs and the Ne-Ha-Sa-Ne Park Association in 1896, and this is the issue presented to the court for determination in this lawsuit.

In 1821–22, John Richards was directed to allot various townships. He proceeded to attempt an allotment of the triangle north of Township 38. There can be little dispute, and it has been adjudicated, that Richards erroneously and mistakenly accepted the Brodhead line as the north boundary of the triangle north of Township 38, believing it to be the Campbell line (*Low v. Webb*, 268 App. Div. 104), leaving the gore created by the diversion of the Campbell and Brodhead lines unallotted, which land or gore, it is reiterated, is the subject of this litigation.

It has been adjudicated that Richards " to get the required acreage of the triangle or for some other reason " fixed the south boundary of the triangle north of Township 38 some distance south of the north line of Township 38 (*Low v. Webb, supra*). Thus, we have a second triangle superimposed upon a portion of the original true triangle. A portion of the north boundary and the south boundary of the second triangle are both located south of the boundaries of the true triangle.

The triangle north of Township 38 was not patented until 1855, when the State granted a patent to the Sacketts Harbor & Saratoga Railroad Company. It passed through various conveyances and in 1891, was conveyed to William Seward Webb by Ravand K. Hawley as President of the Adirondack Mineral & Timber Company.

In 1896, the Webbs and the Ne-Ha-Sa-Ne Park Association conveyed certain lands to the State of New York. The first and second parcels, as contained in the description of said deed, are the only ones pertinent to the issues in this lawsuit, and, in the judgment of the court, they must be read together. For when read together the relationship of one to the other is so obvious as to bar legitimate dispute.

It has been adjudicated (*Low v. Webb, supra*), that the description of parcel I began at the southeast corner of lot 29, Richards Allotment and in the south line of the Richards triangle so-called,

and not in the north line of Township 38, Totten & Crossfield's Purchase as set forth in the description. The description as contained in parcel I of the deed runs '' thence Easterly along the north line of said Township thirty-eight (38), four hundred and ten and seventy-seven hundredths (410.77) chains to the Southeast corner of said triangle North of Township thirty-eight (38) which is a hemlock tree ''. This description does not follow along the north line of Township 38, but rather follows along the south line of the Richards triangle, and the hemlock tree referred to in the description is located at a point where the so-called Brodhead line intersects the south boundary of the Richards triangle, or the southeast corner of lot 39 Richards Allotment. It is therefore established beyond dispute, that the description of parcel I in the deed from the Webbs and the Ne-Ha-Sa-Ne Park Association to the State in 1896, used as the north line of Township 38 the erroneous south boundary of the Richards triangle, mistaking it for the true triangle and establishing this line as the north boundary line of Township 38 and the erroneous south boundary of the triangle north of Township 38, monumenting the southeast corner of said triangle, and establishing the Brodhead line as the north boundary. of the Richards triangle.

In Parcel 2 of said deed, there is conveyed to the State, the following: '' ALL the Triangle North of Township thirty-eight (38) Totten & Crossfield's Purchase, Situate in the Town of Long Lake, Hamilton County, New York, and Town of Wilmurt, Herkimer County, New York, excepting therefrom lot number twenty-eight (28) which contains one hundred forty (140) acres of land more or less. Making the amount hereby conveyed Seven Thousand two hundred six (7206) acres.''

It will be noted that there is excepted from this parcel lot 28, containing 140 acres. Lot No. 28 as set forth on the Richards allotment does contain 140 acres. However, 44 of this total acreage, are located south of the north line of Township 38 and outside the true triangle. The acreage of the triangle as called for in the description, to-wit, 7,206 acres is within an insignificant fraction of the acreage contained in the triangle laid out in the Richards survey.

The State lays great stress and emphasis on the D. C. Wood map of 1895, contending that this map, Exhibit D in evidence outlines the land purchased from the Webbs and the Ne-Ha-Sa-Ne Park Association to the State in 1896. This map shows a four-sided figure purported to be north of Township 38,

and not a triangle, as called for in the deed. The State further emphasizes as most significant, the affidavit of D. C. Wood sworn to December 30, 1895, wherein he states in part: " is familiar with and knows the location of the boundary lines of Township 38 ". The accuracy of this observation is seriously challenged in the decision of *Low* v. *Webb* (*supra*).

It therefore has been adjudicated that the deed from the Webbs and the Ne-Ha-Sa-Ne Park Association to the State mistakenly used the south boundary of the Richards triangle as the north line of Township 38. In order to reach the conclusion that in transferring Parcel 2 to the State, there was conveyed the true triangle, bounded on the north by Campbell, and on the south by the north line of Township 38, which would leave unconveyed a strip of land lying between the south line of the Richards triangle and the north line of Township 38. That such is not the situation has already been determined and adjudicated in *Low* v. *Webb* (*supra*). The State in the rather awkward position of having previously unsuccessfully litigated the question of title to the land lying between the south bounds of the Richards triangle and the true north line of Township 38, is now contending that the description contained in Parcel 2 in the deed from the Webbs and the Ne-Ha-Sa-Ne Park Association to the State describes the true triangle north of Township 38. With such a position this court is impelled to disagree. The deed from the Webbs and the Ne-Ha-Sa-Ne Park Association of 1896 to The People of the State of New York conveyed a triangle, the south bounds of which was the erroneous line fixed by Richards as the north bounds of Township 38, and the north bounds of said triangle being the Brodhead line which Richards unquestionably followed in laying out his allotment. There was, therefore, no conveyance in this deed of the 293 acre gore lying in the north part of the true triangle between the Brodhead and Campbell lines.

It is the further contention of the State that it received from the Webbs and the Ne-Ha-Sa-Ne Park Association the same triangle that the State patented to the Sacketts Harbor & Saratoga Railroad Company in 1855. There has been no claim advanced that the land patented by the State to the Sacketts Harbor & Saratoga Railroad Company did not embrace all of the land within the true triangle located north of Township 38, and it is this land to which William Seward Webb took title in 1891. The State bases its claim of title, not on any unpatented lands located within the triangle, but solely upon the deed from

the Webbs and the Ne-Ha-Sa-Ne Park Association in 1896. Upon this deed the State's title stands or falls. As set forth above it is evident that this deed conveyed the lands embraced within the Richards triangle which, it has been conclusively established, is not the triangle north of Township 38, described in the patent to the Sacketts Harbor & Saratoga Railroad Company.

Nor is this court disposed to determine that this action is barred by the Statute of Limitation. The evidence adduced upon the trial of this action fails to sustain this defense interposed by the defendant State.

It is therefore the determination of the court, that the gore consisting of 293 acres of land situate in the north portion of the triangle south of Township 38, and bounded by the Campbell line on the north, the so-called Brodhead line on the south and the north line of Township 38 on the southeast was conveyed to the plaintiff by two deeds; the first of which was dated July 31, 1941, from J. Watson Webb to the plaintiff, and the second dated April 25, 1945, from J. Watson Webb and Electra H. Webb, his wife, to the plaintiff. The plaintiff is entitled to possession of these lands as set forth and described in the complaint, and title thereto is awarded to the plaintiff, together with the costs of this action. Order in accordance with this decision and the findings of fact and conclusions of law as found by the court, may be submitted on ten days' notice.